```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIKHAIL YUSIM,
                                                        MEMORANDUM AND ORDER
                    Plaintiff,                           12-CV-02090 (LDH) (LB)

        -against-

OFFICE OF ACTING COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION,

                    Defendant.
-----------------------------------------------------------------x
```
LaSHANN DeARCY HALL, United States District Judge:

Pro se Plaintiff Mikhail Yusim brings this action against Defendant Office of Acting Commissioner of Social Security Administration (the "SSA" or the "Administration") for alleged violations of the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"). Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the third amended complaint.

## BACKGROUND

On September 15, 2011, Plaintiff received a letter from the SSA informing him of an October 3, 2011 appointment to file for Supplemental Security Income ("SSI" or "benefits"). (Third. Am. Compl. at 1, 3, ECF No. 32.) Following the appointment, the SSA sent Plaintiff an application summary, which stated, "On October 3, 2011, we talked with you and completed your application for SOCIAL SECURITY BENEFITS." (*Id*. at 4.) Subsequently, in an October 10, 2011 letter, the SSA informed Plaintiff that his application for benefits had been denied. (*Id*. at 6.) In addition, the letter listed Plaintiff's filing date for benefits as September 12, 2011. (*Id*. at 6-7.) Plaintiff contacted the SSA and requested a copy of any application that was filed on September 12, 2011. (*Id*. at 2.) Plaintiff alleges that, because of his request to view the benefits application and other requests, the SSA "starting pushing [his] file aside," which resulted in a delay of his hearing before an Administrative Law Judge. (*Id*.) Because of this delay, Plaintiff

1

claims that he was evicted from his apartment, lost his personal property, and that New York state terminated his Section 8 Housing ChoiceVoucher and Section 8 Subsidy Assistance. (*Id*. at 2, 13-17.) Plaintiff seeks monetary damages and reinstatement of his Section 8 benefits. (*Id*. at 2.)

## STANDARD OF REVIEW

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court considering a Rule 12(b)(6) motion must take the factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. *Id.*

Where, as here, the plaintiff is proceeding pro se, "courts are obliged to construe the plaintiff's pleadings liberally." *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 216, 219 (E.D.N.Y. 2011) (alterations omitted). As such, their complaints should be read to "raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, pro se plaintiffs "remain subject to the general standard applicable to all civil complaints under the

Supreme Court's decisions in *Twombly* and *Iqbal*." *White v. Vance*, No. 10-CV-6142, 2011 WL 2565476, at *2 (S.D.N.Y. June 21, 2011).

## DISCUSSION

The Privacy Act "serves to safeguard the public interest in informational privacy by delineating the duties and responsibilities of federal agencies that collect, store, and disseminate personal information about many individuals." *Doe v. U.S. Civil Serv. Comm'n*, 483 F. Supp. 539, 555 (S.D.N.Y. 1980). To state a claim for money damages under the Privacy Act, a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an adverse determination was made as to the plaintiff. *See* 5 U.S.C. § 552a(g)(1)(C), (g)(4). In other words, a "plaintiff must plausibly allege: inaccurate records, agency intent, proximate causation, and an 'adverse determination.'" *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002). Defendant argues that Plaintiff's third amended complaint fails to sufficiently plead these elements. (*See* Def.'s MOL at 5, ECF No. 49.) The Court agrees.

Plaintiff alleges that the SSA's records were inaccurate because the Administration listed his filing date for SSI as September 12, 2011, instead of October 3, 2011. (*See* Third. Am. Compl. at 1-2.) Even assuming this fact as true, as the Court must, the inaccuracy alone is insufficient to state a claim under the Privacy Act. Plaintiff fails to allege that any failure of Defendant to maintain accurate records was done intentionally or willfully. *See* 5 U.S.C. § 552a(g)(4). Rather, Plaintiff alleges that the inaccuracy was a result of Defendant's "ignorance." (Third. Am. Compl. at 2.) *See Tarullo v. Def. Contract Audit Agency*, 600 F. Supp. 2d 352, 361 (D. Conn. 2009) ("An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding

3

others' rights under the Act.... the violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." (citing *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir.1996)). Plaintiff also fails to demonstrate a nexus between the purported inaccurate application filing date and the injury suffered, or that he suffered an adverse determination because of the inaccurate application filing date. Indeed, Plaintiff alleges that it was his request to view his records that resulted in the delayed hearing before an Administrative Law Judge, as opposed to the inaccurate record of his filing date. By extension, it was the delayed hearing that precipitated his eviction and loss of Section 8 benefits. (Third Am. Comp. at 2, 17.) Moreover, Plaintiff ultimately received a "fully favorable" determination regarding his benefits. (*See* Marian Jones Decl. ¶ 3(e) and Ex. 3, ECF No. 24.); *see also Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988) ("Congress has failed to provide for 'complete relief': respondents have not been given a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits."). As such, Plaintiff fails to state a claim under the Privacy Act.

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss Plaintiff's third amended complaint is GRANTED. The complaint is dismissed with prejudice, as repleading would be futile. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("[L]eave to amend need not be granted where the proposed amendment would be futile."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

4

appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED:

Dated: Brooklyn, New York
September 11, 2018

/s/LDH
LaSHANN DeARCY HALL
United States District Judge
Eastern District of New York